CURTIS and another *v.* WORTSMAN, Defendant, and another, Claimant.

*Circuit Court, S. D. Georgia, E. D.* November Term, 1885.)

1. **ATTACHMENT—FRAUDULENT CONVEYANCE OR CONCEALMENT OF PROPERTY—LEVY—EVIDENCE.**

   Under a statute authorizing attachments where debtors fraudulently convey or conceal their property liable for the payment of their debts, where a claim is interposed after judgment and levy, the plaintiff has made out a *prima facie* case when he has shown that the property seized was in the possession of the defendant in attachment at the time of the levy.

2. **FRAUDULENT CONVEYANCE—WHAT TRANSFERS VOID.**

   Every assignment or transfer by a debtor insolvent at the time, of real or personal property, or choses in action, to any person, either in trust or for the benefit of or in behalf of creditors, when any trust or benefit is reserved to the assignor, or any person for him, is void. Code Ga. § 1952.

3. **SAME—INTENT TO DEFRAUD.**

   Every conveyance of property by writing, or otherwise, or contract of any description, made with intention known to the party taking to defraud or delay a creditor, is void. Id

4. **SAME—CONVEYANCE VOID—AGREEMENT WITH WIFE OF DEBTOR.**

   When a conveyance of an entire stock of goods by a debtor to a favored creditor, in payment of a moiety of the debt, and a reconveyance from the creditor to the debtor's wife, she undertaking to become responsible for such moiety, is had in one day, and the wife carries on the business of the debtor in her name, employing her husband as clerk, a strong presumption of fraud exists as against a creditor whose claim for the purchase money of a large portion of the stock is thus defeated; especially is this true where all the conveyances are embraced in one document, paged 1, 2, and 3.

5. **SAME—TRANSFERS BETWEEN HUSBAND AND WIFE.**

   In a transaction involving the transfer of property between husband and wife, the utmost good faith must be made to appear. The wife must show with great clearness that she was a *bona fide* purchaser, and that she had no reason to believe that the transfer was made to delay or defraud the creditors of her husband.

At Law.

*Charles N. West* and *W. H. Wade*, for plaintiffs.

*Garrard & Meldrum*, for defendants.

SPEER, J., (*charging jury:*) This case is an attempt by a creditor to subject certain property to the payment of a debt which is due and owing to that creditor by Wortsman, the defendant in attachment here. It is a business affair, and is to be determined by the rules of law. These questions are always important, because, if such disputes are not determined by the principles of law, most injurious consequences will follow in commercial transactions, and public confidence in the integrity of business and property will be at great haz-

ard. The consideration of the questions before the jury is dependent largely upon the law of the state of Georgia, as contained in section 3297 of the Code of Georgia. This provides that whenever a debtor shall sell, or convey, or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten or prepare so to do, his property is liable to attachment. The attachment in this case issued upon the grounds mentioned in this section of the Code. It is alleged in the petition that the debtor is selling, conveying, or concealing his property liable to the payment of his debts for the purpose of avoiding payment of the same, or that he has threatened or prepared so to do. Judgment has been rendered upon that attachment, and the property has been seized. The claimant, Mrs. Wortsman, appears before you, and insists that the property levied on in pursuance of the attachment is not the property of the defendant Wortsman, but is her property; and that forms the issue which you have to determine.

To arrive at a proper conclusion, you must consider the evidence which has been adduced on both sides. The plaintiffs in attachment, Curtis & Wheeler, make out a case under the law when they introduce their judgment, and when they show that the property levied upon was in possession of the defendant Wortsman at the time the levy was made. Evidence has been presented before you to show that at the time the attachment was levied on the stock of goods that it was in the possession of Wortsman; that Wortsman was in the store, and at his usual place of business; other goods were there. This makes out the case *prima facie* at the first glance for the plaintiff in attachment; and the property will be held subject to the payment of the debt, if there is no evidence before the jury to remove the legal presumption that the goods were the property of Wortsman. You will then consider the evidence submitted by the claimant. She insists that the property levied on consisted of a stock of goods which was bought by her from Einstein's Sons and from Mr. Roos, her uncle; that the entire stock had been levied on in pursuance of a foreclosure of mortgage on personalty which belonged to Einstein's Sons, and that there was an adjustment of the dispute; that she agreed to buy the mortgage which Einstein's Sons and Roos held; that she paid $1,150 to Einstein's Sons, and that she owes Roos that amount still, but he is not requiring her to pay it just now; that she paid Einstein's Sons $50 a week, in installments, and that she also agreed to pay the same amount to Roos; and they, having bought the stock of goods from her husband, conveyed it to her. The instruments purporting this transaction are in evidence before you.

The court charges you, gentlemen, that if the evidence for the claimant shows a *bona fide* purchase on her part, for a valuable consideration, it conveys the title of this property from Einstein's

Sons and Roos to her, and she will be protected; Einstein and Roos would have the right primarily to buy this property from Wortsman; Wortsman would have the right, if he saw fit, to make preferences to any one or more of his creditors, reserving no interest for himself, or any other person for him, and he would have a right to make that preference by the sale of his property, or a portion of it, to a creditor, and it is not disputed that Einstein's Sons and Roos were creditors. If you find that this was the case, it would be a perfectly justifiable transaction, and Mrs. Wortsman would take the title to this property, and the property would not be subject to this attachment against her husband. It is insisted, however, by plaintiff in attachment that the facts of this case do not show such a legitimate and *bona fide* transaction as that which the court has just described, but that the transaction in law was fraudulent, and that it was the result of a concerted arrangement between Einstein's Sons and Roos and Wortsman and Mrs. Wortsman, by which it was undertaken between the parties that Wortsman should transfer this property to Einstein's Sons and to Roos, and they undertook to reconvey to Mrs. Wortsman, —the consideration of the original transfer being a portion of the debt due to Einstein's Sons and to Roos, and the consideration of the retransfer to Mrs. Wortsman being a benefit reserved to her for her husband. The plaintiff in attachment says that therefore Mrs. Wortsman got possession of the stock wrongfully, in which stock there was included the goods of Curtis & Wheeler, yet unpaid for; that she got possession of that stock wrongfully, for a partial consideration, and that the transaction is a fraud upon Wortsman's creditors; that really the transfer to Mrs. Wortsman was a transfer with a reservation for the benefit of the debtor, Wortsman.

Now, gentlemen, this is the law of Georgia relating to this subject:

Code Ga. § 1952: "Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor, or any person for him, is void."

Now, apply the law to this case. If this assignment was made by Wortsman of this personal property, with the understanding that a trust or benefit was to be reserved to Wortsman, or to a person for him,—namely to Wortsman's wife, Mrs. Wortsman,—and that time was to be given for the payment of the debt to Einstein, and for the payment of the debt to Roos,—if that was the understanding at the time the sale or assignment was made,—that assignment would be void as against creditors. Wortsman would have a perfect right to make a clear, clean, *bona fide* assignment of the property for the benefit of a creditor, but he has no right in law to make a conditional assignment,—that is, an assignment reserving a benefit to him, or a benefit to his wife, or any other person for him; and that reservation to the benefit to his wife, or to himself, or any other per-

son for him, would be subject to the debts which Wortsman originally owed, and the assignment as to those debts would be null and void.

Again, Code Ga. § 1952, subhead 2:

"Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment, and execution or contract of any description, to delay or defraud creditors, had or made with intention known to the party taking, is void; a *bona fide* transaction, on a valuable consideration, and without notice, or grounds for reasonable suspicion, shall be valid."

Was there any intention to defraud creditors, or to delay creditors, and was that intention known to the party taking? If so, that conveyance would be void as against creditors. Did Wortsman transfer these goods, without a reservation in favor of himself or any other person for him, and without intending to hinder or delay his creditors? If so, I charge that it is valid. But if he did otherwise, the amount of the property so reserved is liable for the payment of his debts, and the creditor would have the right to subject the property by attachment, or otherwise.

Now, in applying the rules given you to the facts of the case, you must consider all of the circumstances connected with this bill of sale or transfer from Wortsman to Einstein's Sons and to Roos, and the reconveyance from Einstein's Sons and Roos to Mrs. Wortsman. Plaintiffs insist that, when the transfers were first determined upon, a conference was had between Mrs. Wortsman and the others about the settlement of the claim of Einstein's Sons, which claim was then in judgment, on which levy had been made on the property by the sheriff of Chatham county. The arrangement, they insist, was perfected as one entire transaction; and they call attention to the fact that the deed of transfer and the conveyance to Mrs. Wortsman were all one instrument; that is to say, they are all presented in such shape as to show that they were executed at the same time,—that they are paged 1, 2, and 3. These are facts material for the jury to consider in deciding whether or not there was an understanding by which a benefit was to be reserved to Mrs. Wortsman. If you believe from the evidence that it was a mere mistake that the instrument was paged in that way by accident, you should not allow it to influence you; but it is a very significant circumstance, if not a mistake.

I am requested in writing by counsel for plaintiff in attachment to charge you the following, and I do so charge you:

"If the jury find that the property formerly of L. W. Wortsman, and conveyed to Mrs. Wortsman, was of greater value than the consideration sworn to by the parties, and that the circuitous mode of conveying to her was one entire transaction within the knowledge of Mr. and Mrs. Wortsman, and that the purpose of the transaction, besides securing debts to the Einsteins and Roos, was to put the property beyond the reach of the creditors of L. W. Wortsman,—then the transaction was fraudulent in law, and they must find the property subject.

"If the jury find from the evidence that any portion of the property is subject, under the rules laid down by the court, and with those goods so subject

other goods had been mixed by the claimant impossible of distinguishment by the plaintiff, then the burden was on her to show what part of those goods were not subject, and, failing to do so, all the goods levied upon are subject.

"In transactions involving the transfer of property between husband and wife, the utmost good faith must be made to appear. The wife must show with the greatest clearness that she was a *bona fide* purchaser; that she had no reason to believe the transfer was made to delay the creditors of the husband."

In conclusion, the court charges you, gentlemen, that if you believe that this was a *bona fide* arrangement by which Mrs. Wortsman bought this property from Einstein's Sons and Roos, without any intention on her part to delay or hinder creditors; if she had no knowledge of the circumstances relied upon by plaintiff in attachment here; if it was a clean purchase in good faith,—it is a transaction which the jury ought to consider favorably, and in view of which you should find the property not subject. If you believe from the evidence that this was all one preconcerted scheme, understood by the parties, Mrs. Wortsman being a party thereto; and that a benefit was reserved to her, for her husband, and Mrs. Wortsman took this property knowing of these outstanding debts,—the stock would be liable for the payment of these debts. Now, apply this charge to the facts of the case. If you find for the plaintiff in attachment, your verdict will be, "We, the jury, find the property subject;" if you find for the claimant, "We, the jury, find the property not subject."

For a full discussion of the questions of fraudulent conveyance and of intent in conveyances, see Platt v. Schreyer, 25 Fed. Rep. 83, and note, 87–94.